1  John J. Hughes, Cal. State Bar #96481
   LAW OFFICE OF JOHN J. HUGHES
2  Number One Cathedral Hill Tower
   1200 Gough Street
3  San Francisco, CA  94109
   (415) 928-4200
4  (415) 928-4264 Fax
   Email: sealawyer@sbcglobal.net
5  Attorney for Plaintiff
   Brian Stacy

6

**EMC**

UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

SAN FRANCISCO DIVISION

9

10  BRIAN STACY,                                   **CV 08** CASE NO.: **3586**

11                        Plaintiff,              ) **COMPLAINT FOR DAMAGES FOR**
                                                  ) **MARITIME PERSONAL INJURY**
12           - vs -                               )
                                                  )
13  REDERIET OTTO DANIELSEN, A.S.,                 ) **DEMAND FOR JURY TRIAL**
    and K/S ARIES SHIPPING,                        )
14                                                ) **CERTIFICATE OF INTERESTED PERSONS**
                       Defendants.                 )
15  _____)

16           PLAINTIFF ALLEGES:

17                        **JURISDICTIONAL STATEMENT**

18           1. Jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States

19  Code §1332(a)(2) on the grounds that the claims are brought by a citizen of the State of California

20  against citizens and subjects of a foreign state and the claim for damages, exclusive of interest and

21  costs, exceeds the jurisdictional minimum.  The Complaint of BRIAN STACY is within the

22  admiralty and maritime jurisdiction of this Court which is an alternative basis for jurisdiction, but

23  the complaint is brought and maintained in personam and at law pursuant to the Saving to Suitor's

24  Clause of Title 28, United States Code §1333(1).

25                        **INTRA-DISTRICT ASSIGNMENT**

26           2.  The complaint alleges injuries which occurred aboard ship on the high seas off Point

27  Reyes, California.   There are no factors concerning intra-district assignment as set forth in Local

28  Rule 3-2(c) applicable to this action.

Complaint for Damages                                1

**VENUE**

3. Venue in the Northern District of California under Title 28, United States Code § 1391(d) is proper in that defendants are alien corporations subject to personal jurisdiction in the Northern District of California and subject to suit in any district.

**GENERAL ALLEGATIONS**

4. Plaintiff brings and maintains this action pursuant to the General Maritime Law, and to the extent applicable, the common law and statutes of the United States and the State of California.

5. Plaintiff, BRIAN STACY, is a citizen and resident of the State of California, and at all times herein mentioned, was the owner and operator of the F/V MARJA, a 32 foot commercial fishing vessel operating out of Morro Bay, California, and used to engage in commercial fishing on the high seas and navigable waters of the United States.

6. At all times herein mentioned defendants, REDERIET OTTO DANIELSEN, A.S., and K/S ARIES SHIPPING were and are corporations organized and existing under the laws of the nation of Denmark.

7. Plaintiff is informed and believes and on that ground alleges that during all times herein mentioned defendants, REDERIET OTTO DANIELSEN, A.S., and K/S ARIES SHIPPING owned, operated, chartered, managed, maintained, and navigated the M/V EVA DANIELSEN, a 291 foot commercial freighter of 4,286 dead weight tons designed to carry general cargo in international trade, and that same was used to engage in commerce on the high seas and navigable waters of the United States and the State of California including San Francisco Bay.

8. Plaintiff is informed and believes and thereon alleges that during all times herein mentioned, defendants and each of them were the agents of each of the other defendants, and were acting within the scope of said agency in doing the things herein alleged.

9. On the afternoon of July 13, 2007, MARJA was engaged along with a fleet of vessels including F/V BUONA MADRE in trolling for salmon in the fishing grounds off Point Reyes and was underway at a speed of less than 3 knots. Her fishing gear was deployed so that her maneuverability was restricted. Visibility in the area was restricted to near zero by a dense fog.

10. Plaintiff is informed and believes and thereon alleges that on the early afternoon of July

Complaint for Damages                                    2

1    13, 2007, EVA DANIELSEN departed San Francisco, California, en-route to Portland, Oregon,

2    loaded with cargo.

3        11. Plaintiff is informed and believes and thereon alleges that on the late afternoon of July

4    13, 2007, EVA DANIELSEN entered the fishing grounds off Point Reyes with visibility near zero

5    following various courses in a north-northwesterly direction and traveling at a speed which was

6    unsafe for the circumstances.

7        12. At approximately 5:00 p.m. on July 13, 2007, while at the approximate location of 37.59

8    degrees North Latitude and 123.07 degrees West Longitude, Plaintiff detected a large radar contact

9    outbound from San Francisco Bay within one mile which appeared to be on a collision course with

10    his vessel. Plaintiff immediately attempted radio contact. Coast Guard Vessel Traffic Service

11    identified the vessel as EVA DANIELSEN. Radio contact was established between the two vessels.

12    EVA DANIELSEN then initiated evasive action by altering course to avoid MARJA. Though the

13    fog prevented visual observation, Plaintiff was able to hear engine and machinery noises of EVA

14    DANIELSEN and felt her wake. Plaintiff observed by radar that she passed at close quarters.

15        13. Plaintiff is informed and believes and thereon alleges that following the near miss with

16    MARJA, EVA DANIELSEN continued on to collide with and destroy the nearby BUONA MADRE

17    resulting in the death of her captain.

18        14. Plaintiff is informed and believes and thereon alleges that following the collision EVA

19    DANIELSEN reported same by radio to the Coast Guard and following a brief search left the scene

20    and continued on course for Oregon.

21        15. Following the report of the collision Plaintiff proceeded north of his position to assist in

22    looking for evidence of the reported collision and persons who may have been in the water. During

23    this period Plaintiff heard radio traffic which expressed a belief that MARJA was the vessel that had

24    been run down. Plaintiff advised all concerned by radio that MARJA had not been struck. The

25    search was thereafter suspended and Plaintiff resumed fishing.

26        16. On or about July 17, 2008 and thereafter, Plaintiff learned from other fishermen that the

27    incident in which he was involved had resulted in the death of BUONA MADRE's captain, Paul

28    Wade, and that Wade had apparently been alive and floating in the water near where Plaintiff was

1   fishing.

## FIRST CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(General Maritime Law)

17. Plaintiff realleges and incorporates by reference each and every allegation above stated with the same force and effect as if the same were again set forth in full.

18. Defendants, REDERIET OTTO DANIELSEN, A.S., and K/S ARIES SHIPPING owed Plaintiff a duty to exercise due care under the circumstances to avoid exposing Plaintiff to an unreasonable risk of harm.

19. Plaintiff is informed and believes and thereon alleges that by reason of the premises aforesaid, defendants, REDERIET OTTO DANIELSEN, A.S., and K/S ARIES SHIPPING failed to exercise reasonable care under the circumstances and thereby caused EVA DANIELSEN to nearly collide with MARJA and to collide with BUONA MADRE killing her captain and legally causing the injuries and damages to Plaintiff as herein alleged.

20. Plaintiff is informed and believes and thereon alleges that this failure of defendants and each of them to exercise reasonable care included but was not limited to the following:

    a. Failure of to man EVA DANIELSEN with an adequate and competent master, officers and crew;

    b. Failure to take adequate precautions while proceeding in restricted visibility;

    c. Failure to sound proper fog signals;

    d. Proceeding at an excessive speed under the circumstances;

    e. Failure to maintain a proper lookout;

    f. Failure to properly monitor and plot vessel traffic by radar;

    g. Failure to maintain radar equipment in proper working order;

    h. Failure to chart a proper course;

    i. Failure to yield right of way to vessels fishing;

    j. Failure to reduce speed to steerageway in a close quarters situation; and

    k. Failure to properly maneuver the vessel to avoid a collision.

21. Plaintiff is informed and believes and on that ground alleges that the actions of

1  REDERIET OTTO DANIELSEN, A.S., and K/S ARIES SHIPPING as aforesaid were in violation

2  of, *inter alia*, the following provisions of the Convention on the International Regulations for

3  Preventing Collisions at Sea, 1972, ratified by the United States and adopted by the International

4  Navigation Rules Act of 1977, 33 U.S.C. 1601 - 1608, as amended, and commonly known as

5  COLREGS: Rules 5, 6, 7, 8, 18, 19 and 35.

6      22.  By reason of the foregoing Plaintiff was placed in grave and imminent risk of death or

7  great bodily harm, and as a result suffered and continues to suffer great physical, mental, and nervous

8  pain and suffering, stress and anxiety, all to his general damage in an amount to be proved at trial.

9      23.  As a further legal result of the foregoing Plaintiff was required to and did employ

10  physicians and surgeons to examine, treat and care for him, and incurred medical and incidental

11  expenses, and will in the future incur medical and incidental expenses all in an amount to be proved

12  at trial.

13      24.  As a further legal result of the foregoing Plaintiff was prevented from attending to his

14  usual occupation and thereby has lost earnings and benefits, and will lose future earnings and benefits

15  and earning capacity all in an amount to be proved at trial.

16      25.  The acts and omissions of defendants, REDERIET OTTO DANIELSEN, A.S., and K/S

17  ARIES SHIPPING set forth above, and in particular in transiting a known fishing ground in near zero

18  visibility with a loaded commercial freighter without taking proper precautions, and at an excessive

19  speed were grossly negligent and carried on with criminal indifference and a reckless and callous

20  disregard for the safety of Plaintiff and other vessels and mariners in the area thereby entitling

21  Plaintiff to punitive and exemplary damages in an amount to be determined.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Complaint for Damages                    5

WHEREFORE, Plaintiff prays judgment against the defendants as follows:

1. General damages according to proof but presently claimed at $500,000;

2. Special damages as herein alleged according to proof but presently claimed at $50,000;

3. Punitive damages in an amount according to proof but presently claimed at $1,000,000;

3. The costs of suit;

4. Prejudgment interest; and

5. For such other and further relief as to the court seems proper.

Dated: July 25, 2008

LAW OFFICES OF JOHN J. HUGHES

By: _____

John J. Hughes

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

Dated: July 25, 2008

LAW OFFICES OF JOHN J. HUGHES

By: _____

John J. Hughes

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July 25, 2008

LAW OFFICES OF JOHN J. HUGHES

By: _____

John J. Hughes

Complaint for Damages                                6